UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN WILLIAM McCLUSKEY,

                Plaintiff,

    -against-

TOWN OF EAST HAMPTON, VILLAGE OF EAST
HAMPTON POLICE DEPARTMENT, TOWN OF
EAT HAMPTON COURT, POLICE OFFICER
NICHOLAS LLOYD, RICHARD H. SCHNEIDER,
POLICE OFFICER JOHN DOE 1, POLICE OFFICER
JOHN DOE 2, POLICE OFFICER JOHN DOE 3,
COURT OF EAST HAMPTON EMPLOYEES,
JUSTICE LISA R. RANA, TOWN SUPERVISOR
WILKENSON, DISTRICT ATTORNEY SPOTTA [sic],

                Defendants.
------------------------------------------------------------------X

**OPINION AND ORDER**
**13-CV-1248 (SJF)(AKT)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ AUG 07 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge.

Before the Court are two (2) motions to dismiss the complaint.[1] Defendants Town of East Hampton, Town of East Hampton Court, Court of East Hampton Employees, Justice Lisa R. Rana and Town Supervisor Wilkenson ("Town defendants") move to dismiss *pro se* plaintiff John William McCluskey's ("plaintiff") complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. DE 43. Defendants Village of East Hampton Police Department, Police Chief Larsen, Police Officer Nicholas Lloyd and Richard Schneider ("Village defendants") move for judgment on the pleadings pursuant to FRCP 12(c). DE 42. For the following reasons, both motions are **GRANTED** in their entirety.

---

[1] The Suffolk County District Attorney's surname is spelled "Spota." A review of the docket shows that defendant Spota was not served with plaintiff's complaint and, accordingly, has not appeared in this action.

I.      **Background**

Plaintiff resides in Amagansett, New York. Compl. ¶ 2. The Town and Village of East Hampton defendants are municipal entities organized under the law of New York State and are responsible for the policies, procedures and practices implemented through their various agencies, agents, departments and employees. *Id.* at ¶ 3. Defendant Village of East Hampton Police Department is a political sub-division of the Village of East Hampton and is responsible for the policies, procedures and practices implemented through its various agencies, agents, departments and employees. *Id.* at ¶ 4. Defendants Police Chief Larsen, Lieutenant John Doe, Sergeant John Doe and Police Officer Nicholas Lloyd, Richard Schneider and John Does 1 and 2 are employees of the Village of East Hampton Police Department who engaged in the illegal activities described herein. *Id.* at ¶ 5. Plaintiff sues the public employee defendants in their official and individual capacities and alleges they were acting under color of state law at all relevant times. *Id.* at ¶¶ 6-7.

On April 23, 2010 at approximately 4:00 p.m. and as plaintiff was backing up his car in the Reuthershan parking lot in the Village of East Hampton, plaintiff's vehicle lightly tapped a parked 1995 Jaguar automobile. *Id.* at ¶ 9. The Jaguar belonged to Susan Goodfriend of Wainscott, New York. *Id.* At that time, plaintiff, his son and two (2) witnesses unanimously agreed that the Jaguar had sustained no damage, while another witness, Ms. Fuchs, wanted the police called. *Id.* at ¶ 10. Plaintiff left his information with Ms. Fuchs in the event she continued to insist that the police be called, but based on his legal background, was certain there was no damage and no need to report anything under "section 600 of the law." *Id.* On April 24, 2010 at approximately 10:00 a.m., plaintiff received a telephone call from East Hampton Village police officer Nicholas Lloyd ("Lloyd") who advised plaintiff that the East Hampton Village Police

were charging him with leaving the scene of an accident, despite defendant Lloyd's admission that there was no damage to the bumper and therefore no probable cause. *Id.* at ¶ 11.

Plaintiff immediately went to the police station to meet with Lloyd, who refused to give plaintiff the police report with the damages; Lloyd advised plaintiff that it would be seventy-two (72) hours before he received a copy of the report or ticket and he was given a court date of April 28, 2010, i.e. six (6) days later. *Id.* at ¶ 12. "Many days later," police made available to plaintiff an "amended" report and ticket. *Id.* On Monday, April 27, 2010, plaintiff served the court with a three (3) page letter advising it that he had a prior commitment in another criminal court with "Mr. Giuliani and the Town of Southampton" on the date he was due to appear. He also filed a motion for dismissal. *Id.* at ¶ 13.

As to the offense, the traffic ticket allegedly written at the scene states "LEAVING/SCENE PROPERTY DAMAGE ACC," yet defendant Lloyd knew there was no damage because he wrote an amended police accident report on April 23, 2010, which reported no damage to the vehicle. *Id.* at ¶ 14. After months of asking for the reports and after he was jailed, the report was released to plaintiff on or about June 21, 2010. *Id.*

Plaintiff contends that the charge for leaving the scene of an accident was the "opening round" of a conspiracy by defendants Police Chief Larsen, reviewing officer Richard Schneider, Lloyd, District Attorney Spota, Justice Rana and others to cause plaintiff harm and loss of reputation. *Id.* at ¶ 15.

## II. Discussion

### A. The Town Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim

As an initial matter, despite the grant of a number of extensions,[2] plaintiff did not oppose the Town defendants' motion to dismiss. Accordingly, the motion is deemed unopposed.

### 1. Lack of Subject Matter Jurisdiction

Pursuant to FRCP 12(b)(1), a party may, prior to serving a responsive pleading, move to dismiss a complaint on the ground the Court lacks subject matter jurisdiction. When a federal court lacks the statutory or constitutional power to adjudicate a case, it must be dismissed irrespective of its merits. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Thus, "[w]hen defendants move for dismissal on a number of grounds, the court should 'consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.' " *Lipin v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 202 F. Supp. 2d 126, 132 (S.D.N.Y. 2002) (quoting *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)). When subject matter jurisdiction is challenged under Rule 12(b)(1), a court may consider evidence beyond the pleadings. *Kamen v. Amer. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Plaintiff bears the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113.

It is well settled that judges are absolutely immune from suit for actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991) ("Although

---

[2] *See* ECF Docket Entries 25, 30, 32-34.

unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' ") (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). *See Bliven v. Hunt,* 418 F. Supp. 2d 135, 137 (E.D.N.Y. 2005) ("Judges are absolutely immune from liability for judicial acts, however erroneous the act and however evil the motive.") (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Pierson*, 386 U.S. at 553-54 (1967)).

There are two (2) exceptions to absolute judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (internal citations omitted).

Plaintiff's complaint alleges that defendant Town Justice Lisa R. Rana, acting in concert with District Attorney Spota, "became increasingly more aggressive in their [pursuit] of the plaintiff" by assigning trial dates without releasing the accident and traffic reports and ignoring and declining to review evidence and appeals, including the amended accident report. Compl. ¶ 16. The complaint also alleges that during court appearances before Justice Rana, she attacked and ridiculed plaintiff while vigorously and repeatedly refusing "appeals," openly stating that the rules do not apply in her court. *Id.* at ¶¶ 18, 19. Defendant Rana, acting under color of state law in her respective domain, made it possible for plaintiff to be arrested on the streets of East

Hampton Village and jailed on a bench warrant. *Id.* at ¶¶ 20, 21. While incarcerated, plaintiff was subject to torture and harassment which resulted in a heart attack. *Id.* at ¶¶ 22, 23. When plaintiff sought to postpone further court appearances, defendant Rana suspended his driver's license without cause or reason and the suspension made no reference to the charge for leaving the scene of an accident. *Id.* at ¶¶ 24, 25.

The complaint's allegations against defendant Rana are for actions taken within the scope of her jurisdiction and capacity as Town Justice. Accordingly, Rana is entitled to absolute judicial immunity and the Town defendants' motion to dismiss for lack of subject matter jurisdiction is granted. Plaintiff's complaint is, therefore, dismissed with prejudice as to defendant Rana.[3]

Plaintiff also names the Town of East Hampton Court and its employees as defendants. The complaint alleges that the court employees, acting under color of state law, could have read the reports to see there was no damage to the Jaguar, but instead acted with malice in choosing not to do so. Compl. ¶17. Plaintiff also alleges that during court appearances, Rana whispered and laughed openly as she criticized plaintiff's motions to "court [bailiffs] and others surrounding her from the bench." *Id.* at ¶ 32.

Judicial immunity "also covers court clerks and law clerks with respect to discretionary acts that implement judicial decisions or that are performed at the direction or under the supervision of a judge." *Bliven*, 418 F. Supp. 2d at 138. *See DePonceau v. Pataki*, 315 F. Supp. 2d 338, 343 (W.D.N.Y. 2004) ("Court clerks and employees, when performing judicial functions, have absolute quasi-judicial immunity from damages for civil rights violations."). Accordingly,

---

[3] Although a *pro se* plaintiff may be given leave to replead a deficient complaint under FRCP 15(a)(2), such leave is properly denied when the amendment would be futile. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

based on the complaint's allegations that the court employees were performing judicial functions in the courtroom, the Town defendants' motion to dismiss plaintiff's claims against the East Hampton Court Employees for lack of subject matter jurisdiction is granted and the complaint is dismissed with prejudice as to them.

In addition, plaintiff's claims against the Town of East Hampton Court must also be dismissed based on the statutory construction of 42 U.S.C. § 1983, which provides that an action may be sustained against "[e]very *person* who," under color of state law, causes a deprivation of rights secured by the constitution and laws. (Emphasis added.) *See Kalina v. Fletcher*, 522 U.S. 118, 123 (1997) ("The text of the statute purports to create a damages remedy against every state official for the violation of any person's federal constitutional or statutory rights.") (citing 42 U.S.C. § 1983). "A court is not a "person" within the meaning of section 1983." *Owens v. Suter*, No. 02 Civ. 8198, 2003 WL 942554, at *2 (S.D.N.Y. Mar. 07, 2003). *See Zuckerman v. App. Div., Second Dep't, Supreme Court of the State of New York*, 421 F.2d 625, 626 (2d Cir. 1970) ("However it is unnecessary for us to go into these problems since it is quite clear that the Appellate Division is not a 'person' within the meaning of 42 U.S.C. § 1983."). Accordingly, defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction as to the Town of East Hampton Court is granted and the complaint is dismissed with prejudice as to it.

2.  **Dismissal for Failure to State a Claim Pursuant to 12(b)(6)**

    (a)  **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that upon motion, a complaint may be dismissed for failure to state a claim upon which relief may be granted. To determine whether a

complaint should be dismissed for failure to state a claim, the court must assume as true all allegations contained in the complaint. *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). However, it is "well settled that conclusory allegations merely stating general legal conclusions necessary to prevail on the merits of a claim, unsupported by factual averments will not be accepted as true." *ECOR Solutions, Inc. v. Malcolm Pirnie, Inc.*, No. 02 Civ. 1103, 2005 WL 1843253, at *3 (N.D.N.Y. July 29, 2005). Thus, when considering FRCP 12(b)(6) motions, the court must assess the legal feasibility of the complaint and whether a plaintiff pleaded claims for which he or she is entitled to discovery. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000); *Chance*, 143 F.3d at 701. The Supreme Court has held that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court held that courts should entertain a motion to dismiss by following a two-pronged approach:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

The Federal Rules of Civil Procedure require a "short plain statement of the claim showing that the pleader is entitled to relief." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8(a)(2) requires that a pleading set forth facts that the pleader is entitled to relief and provide a defendant with fair notice. *Leatherman v.*

-8-

*Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In considering whether "to dismiss the claims of plaintiffs proceeding *pro se*, courts in this Circuit are instructed to construe the pleadings liberally." *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)).

(b)     **Title 42 U.S.C. § 1983[4] Allegations**

Pursuant to 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 "provides a mechanism for enforcing individual rights "secured" elsewhere, *i.e.*, rights independently "secured by the Constitution and laws" of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). "By the plain terms of § 1983, two–and only two–allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (citing *Monroe v. Pape*, 365 U.S. 167, 171 (1961)).

---

[4] For a first claim, plaintiff's complaint alleges that "the conduct of all the defendants were [sic] subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988." Compl. ¶ 26. Only those allegations pertinent to plaintiff's § 1983 are relevant to the Town defendants' motion to dismiss.

### (c) Plaintiff's Claim Against the Town of East Hampton

Pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff who seeks to sue a municipality for constitutional violations by the municipality's employees must establish that the conduct resulted from a municipal custom, policy or regulation. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004).

Plaintiff's complaint contains no allegations that the Town defendants' actions were taken pursuant to a custom, policy or regulation promulgated or endorsed by the municipality. Accordingly, defendants' motion to dismiss for failure to state a claim is granted and the complaint is dismissed with prejudice as to the Town of East Hampton.[5]

### (d) Plaintiff's Claims Against Town Supervisor Wilkenson

"Where damages are sought in a section 1983 action, the defendant must be responsible for the alleged constitutional deprivation: '[T]he general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the defendant is required.'" *Purdy v. Town of Greenburgh*, 166 F. Supp. 2d 850, 869 (S.D.N.Y. 2001) (quoting *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989)). Plaintiff's § 1983 complaint against defendant Wilkenson must be dismissed pursuant to 12(b)(6) because the complaint contains no allegations as to this defendant or his purported involvement in any deprivation of plaintiff's rights. Accordingly, defendants' motion to dismiss is granted and the claims against Supervisor

---

[5] As discussed, *supra*, leave to replead may be granted pursuant to FRCP 15. In this case, where plaintiff has elected not to oppose the motion, leave to amend is not within the interests of justice.

Wilkenson are dismissed with prejudice.

## B. The Village Defendants' Motion for Judgment on the Pleadings

### 1. Legal Standard for Judgment on the Pleadings

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). " 'In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.' " *Byrd v. City of New York*, No. 04 Civ. 1396, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (quoting *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999)).

### 2. Plaintiff's Claims Against the Village Defendants

Plaintiff styles his first claim as a violation of § 1983 for his arrest, detention, confinement and conspiracy. Compl. ¶ 26. The first claim alleges: "the conduct of all the defendants were [sic] subject to 42 U.S.C. secs. 1983, 1985, 1986 and 1988." *Id.* Plaintiff also alleges false arrest as his second claim, false imprisonment as a third claim and as a fourth claim, malicious prosecution. Given plaintiff's *pro se* status and because the allegations in his first claim track the language of 42 U.S.C. §§ 1985 and 1986, the Court shall construe his first claim as brought under those statutes and the remaining claims as brought pursuant to § 1983.

#### a. Plaintiff's 42 U.S.C. § 1985 Claim

Title 42 U.S.C. § 1985(3), the only section applicable to this case, provides in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of

depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . [and] do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

"Because this section provides no substantive rights itself but merely 'provides a remedy for violation of the rights it designates,' *Great Amer. Fed. Sav. and Loan Assoc. v. Novotny*, 442 U.S. 366, 372 (1979), in order to state a claim under § 1985(3) a complaint must allege, *inter alia*, that the defendants who allegedly conspired sought, with discriminatory intent, to deprive the plaintiff of a right covered by the Constitution or other laws.' " *Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990).

The complaint alleges that defendants "criminally conspired for the purpose of impeding and hindering the due course of justice, with intent to deny plaintiff due process and equal protection of law, while causing deliberate physical harm by brutal cuffing and handling of the 70 year old plaintiff, all done with certain knowledge of the criminal wrong." Compl. ¶ 26(c). This "cooperative politically driven conspiracy, was openly and clearly concocted in a vain attempt to agitate and harass the Plaintiff, and cause further harm to his reputation and health. *Id.* at ¶ 27. "As a result of being falsely charged with a violation of NYS section law 600 regarding 'leaving the scene of an accident' openly and clumsily concocted by East Hampton Village police Chief Larsen and Justice Lisa Rana, of East Hampton Town court . . . was done to benefit . . . Giuliani's political ambitions."

Although plaintiff alleges that defendants conspired to deprive him of his constitutional

rights, he does not allege that defendants acted with discriminatory intent, and thus, the complaint does not state a claim under § 1985(3). *See Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996) ("The conspiracy must be motivated by racial or related class-based discriminatory animus."); *Temple of Lost Sheep, Inc. v. Abrams*, 930 F.2d 178, 185 (2d Cir. 1991) ("[W]e agree with the district court's dismissal under Fed. R. Civ. P. 12(b)(6) of appellant's section 1985(3) claims since they were couched in terms of conclusory allegations and failed to demonstrate 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action' as required by section 1985(3).") (quoting *New York State Org. for Women v. Terry*, 886 F.2d 1339, 1358 (2d Cir. 1989)); *Koch v. Mirza*, 869 F. Supp. 1031, 1038 (W.D.N.Y. 1994) (dismissing plaintiff's § 1985(3) claim for failure to allege that defendants acted with discriminatory intent). Based on the foregoing, defendant's motion for judgment on the pleadings on plaintiff's § 1985 claim is granted and the claim is dismissed.

### (b) Plaintiff's 42 U.S.C. § 1986 Claim

Title 42 U.S.C. § 1986 provides, in part: "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in precenting the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured . . . ." "Hence, a § 1986 claim is contingent on a valid § 1985 claim. *Graham*, 89 F.3d at 82. Because the complaint does not state a valid § 1985 claim, his § 1986 claim must also fail. Accordingly, defendant's motion for judgment on the pleadings is granted as to the § 1986 claim and it is dismissed.

-13-

### (c) Plaintiff's 42 U.S.C. § 1983 Claims

Plaintiff sues defendants in their official and individual capacity. With respect to defendant Village of East Hampton Police Department, liability for a claim against a municipal entity under § 1983 requires the plaintiff to establish that a custom, policy or regulation established or endorsed by the entity caused the constitutional deprivation about which plaintiff complains. *See, supra, Monell v. Dep't of Social Services*. The complaint does not allege the existence of such a municipal custom, policy or regulation and, accordingly, defendants' motion for judgment on plaintiff's § 1983 claim against the Village of East Hampton Police Department is granted and the § 1983 claims are dismissed with prejudice as to these defendants.

### Official Capacity § 1983 Claims Against the Village Defendants

#### *Police Chief Larsen*

A § 1983 suit against a police chief is essentially a suit against the municipality "because in a suit against a public entity, naming officials of the public entity in their official capacities 'add[s] nothing to the suit.'" *Davis v. Stratton*, 360 Fed. App'x 182, 183 (2d Cir. 2010) (quoting *Gernetzke v. Kenosha Unified School District No. 1*, 274 F.3d 464, 466 (7th Cir. 2001)). "[T]o obtain relief against the municipal officers, sued in their official capacity under 42 U.S.C. § 1983, [plaintiff] must show that there existed a municipal policy that was being enforced to deny him his constitutional rights." *Id.* (citing *Monell*). As discussed above, plaintiff has not alleged any plausible facts demonstrating the existence of a municipal custom or policy. Therefore, defendants' motion for judgment on plaintiff's § 1983 claims against Police Chief Larsen in his official capacity is granted.

-14-

### *Police Officer Lloyd and Reviewing Officer Schneider*

Pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), section 1983 claims against police officers in their official capacities are barred unless a plaintiff can show that the challenged conduct resulted from a municipal custom or policy. *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Thus, the official capacity claims against the Village officers must be dismissed and judgment is granted to the Village defendants on this claim to the extent it is brought against the officers in their official capacities.

### Individual Capacity Claims

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166.

"Where damages are sought in a section 1983 action, the defendant must be responsible for the alleged constitutional deprivation: '[T]he general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the defendant is required.' " *Purdy v. Town of Greenburgh*, 166 F. Supp. 2d 850, 869 (S.D.N.Y. 2001) (quoting *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989)). *See Miller v. City of New York*, No. 12 Civ. 2965, 2012 WL 2579336, at *1 (E.D.N.Y. July 3, 2012) (" 'Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Accordingly, to recover under § 1983, a complaint

must allege a defendant's direct or personal involvement in the alleged constitutional deprivation.

### *False Arrest and False Imprisonment*

"To the extent that a plaintiff alleges false arrest and false imprisonment, they are considered synonymous causes of action." *Little v. New York City*, 487 F. Supp. 2d 426, 437 (S.D.N.Y. 2007). *See Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991) ("In New York, the tort of false arrest is synonymous with that of false imprisonment."). To establish a claim for false arrest or imprisonment, a plaintiff must show: "(1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Williams v. City of New York*, 916 F. Supp. 2d 235, 241 (E.D.N.Y. 2012) (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995)). Confinement is privileged when the arrest is supported by probable cause, *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003), and probable cause is presumed to exist when a plaintiff is arrested pursuant to a warrant. *Martinetti v. Town of New Hartford*, 12 Fed. App'x 29, 32 (2d Cir. 2001). If probable cause existed at the time of the arrest, plaintiff's claim for false arrest must be dismissed. *Singer*, 63 F.3d at 118-19.

The complaint alleges that as a result of defendants' negligent actions, plaintiff was illegally charged under the penalty of perjury by defendant Lloyd and his superiors of the East Hampton Village Police Department with leaving the scene of an accident despite a lack of probable cause. Compl. ¶ 30. As a result of defendants' actions, plaintiff was illegally imprisoned against his will, absent probable cause, and was held in custody in a jail cell overnight for twelve (12) hours causing intentional retaliatory infliction of emotional distress, pain, humiliation and physical damage, all directed by Justice Rana, who conspired with Police Chief

Larsen. *Id.* at ¶ 31.

By his own admission, however, plaintiff was arrested, pursuant to a bench warrant, for leaving the scene of an accident. *Id.* at ¶ 21. "Where an individual's arrest is effectuated pursuant to a warrant, there can be no claim for false arrest or unlawful imprisonment." *Little*, 487 F. Supp. 2d at 439. Accordingly, plaintiff's confinement was privileged and defendants' motion for judgment on plaintiff's § 1983 false arrest and false imprisonment claims is granted and the claims are dismissed with prejudice.

### *Malicious Prosecution*

"To state a claim for malicious prosecution, a plaintiff must show: '(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice.'" *DeStefano v. Duncanson*, No. 08 Civ. 3419, 2011 WL 651452 (S.D.N.Y. Feb. 10, 2011) (quoting *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009)). A finding of probable cause is a complete defense to a malicious prosecution claim. *Zanghi v. Inc. Vill. of Old Brookville*, 752 F.2d 42, 45 (2d Cir. 1985).

According to plaintiff's complaint, he was in an East Hampton town parking lot and backing his car out of a parking space when he hit a parked 1995 Jaguar belonging to Susan Goodfriend. A witness, Ms. Fuchs, wanted the police called, but plaintiff decided it was unnecessary because he was certain there was no damage. After he left the parking lot, Ms. Fuchs called the police, who, finding probable cause, charged plaintiff with leaving the scene of an accident. In addition, the complaint alleges that plaintiff's driver's license was suspended for three years as a result of the charge. Compl. ¶ 28. Thus, the claim is dismissed based on the

-17-

existence of probable cause and for failure to show that the proceeding terminated in plaintiff's favor. Defendants' motion for judgment on the pleadings is therefore granted.

### (d) Plaintiff's 42 U.S.C. § 1988 Claim for Attorney's Fees

Pursuant to 42 U.S.C. § 1988(b), a court may, in its discretion, allow the prevailing party a reasonable attorney's fee as part of the costs. "The Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, has clearly been held to bar fee awards to pro se litigants who are not lawyers." *Presnick v. Santoro*, 832 F. Supp. 521, 531 (D. Conn. 1993). *See Kay v. Ehrler*, 499 U.S. 432, 434-35 (1991) ("The Circuits are in agreement . . . on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees."). In addition, plaintiff is not a prevailing party. Accordingly, the Village defendants' motion for judgment on plaintiff's § 1988 claim for attorney's fees is granted.

### III. Conclusion

For the foregoing reasons, The Town defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED** as to defendants Justice Lisa R. Rana, Court of East Hampton Employees and the Town of East Hampton Court. The Town defendants' motion to dismiss for failure to state a claim is **GRANTED** as to defendants Town of East Hampton and Town Supervisor Wilkenson. The Village defendants' motion for judgment on the pleadings is **GRANTED** as to the Village of East Hampton Police Department, Police Chief Larsen, Police Officer Nicholas Lloyd and Richard H. Schneider.

A review of the docket in this matter shows that defendant District Attorney Spota was never served with the complaint. Federal Rule of Civil Procedure 4(m) provides that if "a

defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The complaint was filed March 11, 2013 and the complaint was required to be served by July 9, 2013. Accordingly and pursuant to FRCP 4(m), plaintiff is hereby noticed that this case is dismissed without prejudice as to defendant Spota pursuant to FRCP 4(m).

Plaintiff's complaint is dismissed in its entirety and the Clerk of the Court shall close this case.

**SO ORDERED.**

Dated: August 7, 2014
      Central Islip, New York

                                      s/ Sandra J. Feuerstein
                                      Sandra J. Feuerstein, U.S.D.J.