UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN WILLIAM McCLUSKEY,

                Plaintiff,

     -against-

TOWN OF EAST HAMPTON, VILLAGE OF EAST
HAMPTON POLICE DEPARTMENT, TOWN OF
EAT HAMPTON COURT, POLICE OFFICER
NICHOLAS LLOYD, RICHARD H. SCHNEIDER,
POLICE OFFICER JOHN DOE 1, POLICE OFFICER
JOHN DOE 2, POLICE OFFICER JOHN DOE 3,
COURT OF EAST HAMPTON EMPLOYEES,
JUSTICE LISA R. RANA, TOWN SUPERVISOR
WILKENSON, DISTRICT ATTORNEY SPOTTA [sic],

                Defendants.
-----------------------------------------------------------------X

**OPINION AND ORDER**
**13-CV-1248 (SJF)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JUN 23 2015    ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge.

Before the Court is John William McCluskey's ("plaintiff") motion for reconsideration (DE 56) of this Court's Order ("Order") dated August 7, 2014 (DE 51), which dismissed plaintiff's complaint in its entirety.[1] Based upon the following, the motion is **DENIED**.

"Motions for reconsideration are governed by Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which states: Unless otherwise provided by statute or rule . . . a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." *Jackson v. Killian*, No. 08 Civ. 4386, 2010 WL 2103646, at *1 (S.D.N.Y. May 25, 2010).

---

[1] With respect to defendant District Attorney Spota, the dismissal was without prejudice because he was never served with the complaint (DE 51 pp. 18-19).

"Reconsideration of a previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Mallet v. Miller*, 438 F. Supp. 2d 276, 277 (S.D.N.Y. 2006) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *See Mallet*, 438 F. Supp. 2d at 277 ("A motion for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision."). Local Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Thus, a court "must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

Judgment for defendants was entered and this case was closed on August 15, 2014 (DE 52). Plaintiff moved for reconsideration of the Order resulting in judgment on December 29, 2014, i.e., four (4) months after the time to move expired. Therefore, plaintiff's motion is denied as untimely.

In addition, plaintiff's argument that his case was dismissed while he was medically

unable to return to the United States is unavailing because the underlying motion was fully briefed and thus his presence in the jurisdiction was unnecessary to a decision. Moreover, plaintiff has not identified any factual matters or controlling law which might be expected to alter the Order and accordingly, plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**

Dated: June 23, 2015
      Central Islip, New York

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein, U.S.D.J.